ELIZABETH AMANDA DuBOIS

*v.*

MARIA WATERMAN et al.

[Submitted February 8th, 1915. Determined March 6th, 1915.]

A bill alleged that a will, giving complainant a life estate subject to remainder over, authorized her to sell the property and apply the proceeds to her maintenance; that the income was inadequate for complainant's support; that, her right of sale being challenged by defendant, she had been unable to find an advantageous purchaser; and that the will when properly interpreted reposed a trust in complainant touching the disposition of the estate. The bill sought no relief touching the trust, but merely a construction of the will and a declaration that complainant was empowered to sell.—*Held*, that it could not be maintained; the court of chancery not having jurisdiction to construe a will except as incidental to some relief afforded by the decree.

---

On bill for construction of will. Hearing on demurrer.

*Mr. Austin H. Swackhamer,* for the complainant.

*Messrs. French & Richards,* for the defendants.

LEAMING, V. C.

.The bill is filed by the widow of Thomas DuBois for the construction of the will of her deceased husband. The bill, after reciting the will, asserts that its provisions wherein certain real estate is given to complainant for life, and at her decease to others, confers upon complainant the right to sell the real estate and apply the proceeds of sale to her maintenance. This right, the bill alleges, is challenged by defendants with the result that complainant is unable to find an advantageous purchaser. After alleging that the income of the estate is inadequate for complainant's support, the bill prays that this court declare and determine whether complainant is not empowered by the provisions of the will to sell the real estate and apply the proceeds of sale to her support and maintenance.

Defendants have demurred to the bill, alleging want of jurisdiction of this court to construe the will except as an incident to equitable relief.

Apparently, in anticipation of this objection, the ninth paragraph of the bill alleges that the meaning of the will, when properly interpreted, is that complainant may sell the real estate, if necessary for her support, and that a trust is, in consequence, reposed in complainant, touching the disposition of the real estate and its proceeds of sale. It is now urged that this trust, and the necessity of its proper observance, confers jurisdiction on this court to entertain the bill.

The bill seeks no relief touching the alleged trust. What it seeks is not direction as to the performance of complainant's duty as a trustee, but a declaration by this court that complainant is a trustee and that the trust empowers complainant to make sale of the real estate and to confer a perfect title upon a purchaser. The bill is, in fact, a bill to quiet title to real estate, but lacks the necessary elements of such a bill. The specific relief prayed for is a construction of the will.

It has been so frequently held in this state that this court cannot be called upon to construe a will except as incident to some relief which may be afforded by a decree that the question cannot be considered an open one. *Hoagland* v. *Cooper, 65 N. J. Eq. 407; Goelz* v. *Sickle, 71 N. J. Eq. 317; Gillen* v. *Hadley, 72 N. J. Eq. 505.*

Whether a bill could be entertained to determine the existence of a necessity in aid of a power of sale in a case in which a life tenant should be empowered by a will to sell real estate for support in the event of a necessity arising from inadequacy of income and a dispute existed touching the necessity need not be considered; the present bill presents no such situation.

I will advise a decree sustaining the demurrer.